IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FREDERICK BANKS,

    Plaintiff,

v.                                          CASE NO. 1:17-cv-194-MW-GRJ

SOO SONG, U.S. Attorney,
et al.,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, a inmate at Northeast Ohio Correctional Complex, initiated this case by filing complaint against U.S. Attorneys, a U.S. District Court judge, his criminal defense attorney, and numerous federal law enforcement officials. ECF No. 1. Plaintiff failed to either pay the $400.00 filing fee or file a motion for leave to proceed as a pauper. Because it is clear that this case is due to be dismissed pursuant to the 28 U.S.C. § 1915(g) three-strikes bar, the Court will not require Plaintiff to correct these deficiencies.

Plaintiff's claims are somewhat incoherent, but he appears to accuse Defendants, including the federal judge presiding over a pending criminal case and his own attorney, with defamation, libel, and wrongfully delaying and handling his case. He contends that this Court has jurisdiction over

his claims because the allegedly defamatory statements were "read by people in this district and caused harm to Plaintiff." Plaintiff seeks damages in the amount of more than $800 million dollars, as well as other relief. ECF No. 1.

Plaintiff is subject to the three-strikes bar of 28 U.S.C. § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Banks v. Soo Song*, Case No. 4:17-cv-1513, ECF No. 3 (N.D. Ohio 7/28/17) (recounting cases that qualify as strikes and cases imposing the three-strikes bar against Plaintiff). The Court has confirmed that the inmate identification number of the plaintiff in the previous cases is the same as Plaintiff's inmate identification number in this case, Inmate ID Number 05711-068. Accordingly, Plaintiff is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in

specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Liberally construed, Plaintiff has alleged no facts suggesting that he faces any imminent danger stemming from the claims in the Complaint.

Further, there are no facts alleged in the Complaint suggesting that there would be any basis for this Court to exercise jurisdiction over such claims.

Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

It is therefore respectfully **RECOMMENDED** that this case should be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C § 1915(g) three-strikes bar.

**IN CHAMBERS** this 1st day of August 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

# NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**